Matter of the Application of FRANK A. RANDALL, LOUIS E. FISH, HOWARD E. SMITH and ALFRED T. WILLIAMS, as the Board of Inspectors of the Third Election District of the Town of Otsego, Otsego County, N. Y., for an Order Directing the Placing of Certain Names upon the Register of Electors.

(County Court, Otsego County, October, 1911.)

Election of officers — Eligibility and registration of electors — Registration — Personal appearance when required.

Personal appearance before the board of registration of the electors who voted at the last preceding general election in a rural town is not required for their registration, but it is the duty of the board to place their names on the register; and the board will be directed so to do where, being uncertain as to its duty, the members thereof apply to the court for an order directing them in reference thereto.

APPLICATION for an order directing the placing of names upon the register of electors under section 153 of the Election Law.

N. P. Willis, for petitioners.

No other appearances.

KELLOGG, J. This is an application made by Frank A. Randall, Louis E. Fish, Howard E. Smith and Alfred T. Williams, as the board of inspectors of the third election district of the town of Otsego, in this county, for an order directing the placing of certain names upon the register of electors under and pursuant to section 153 of the Election Law.

It appears that the petitioners, as the board of inspectors, duly assembled at the place designated for the registration of voters in the said third election district of the said town of Otsego, on Friday, the thirteenth day of October, and on

Saturday, the fourteenth day of October, for the purpose of registration of the legal and qualified electors in said election district; that, on the said thirteenth day of October, the petitioners proceeded to register, as such board, the names of the electors in said district, who had voted at the last general election held therein, but, owing to the wrong interpretation of the provisions of the Election Law, did not place upon such registration list the names of all the electors of said election district who had voted at said general election, or who were qualified to vote at the election to be held on November seventh, next; and that, by reason of such misunderstanding of the law, the petitioners as such board of election neglected to place on the register of electors in said district the names of Richard Bolton, James Converse, Carey Jackson and about 160 other persons, whose names appear in schedule A annexed to the petition; that each of said persons, being a qualified elector in said election district, and entitled to have his name placed upon said register, and entitled to vote in said district at such general election, cannot so vote unless he is legally registered by said petitioners acting as such board; that said petitioners, acting as such board, were in doubt as to their right or power to register such names at their meeting on Saturday, October fourteenth, unless such electors appeared before said board in person; that, unless such persons are legally and properly registered they will be deprived of their vote at the coming election to be held on November seventh next, through the mistake and neglect of your said petitioners. The petitioners, as such board of inspectors, consent to waive the provisions requiring notice of twenty-four hours to be given to your petitioners as such board of inspectors of the application for the order hereby requested.

It is provided by section 159 of the Election Law that, "At the first meeting for registration in any election district wholly outside of a city or village having five thousand inhabitants or more, the inspectors shall place upon the register the names of all persons who voted at the last preceding general election, as shown by the register or poll book of such

election and also those presenting themselves *in person,* except the names of such electors as are proven to the satisfaction of such inspectors to have ceased to be electors of such district since such general election, and upon all days of registration the names of all other persons who may appear *in person* before the said board and apply for registration, and who are or who will be at the election for which the registration is made qualified electors."

The Court of Appeals, in its recent decision in Matter of Frazer v. Hadley, in construing section 159 of the Election Law as it relates to personal registration, held the same to be unconstitutional; and, in my opinion, it follows, as a legal conclusion, that the whole of section 159 is, therefore, not only abrogated by this decision, but is void, for the reason that its parts are so interwoven and interdependent that none can stand without the rest. People ex rel. Murphy v. Kelly, 76 N. Y. 475; People ex rel. Angerstein v. Kenney, 96 id. 294; Matter of Village of Middletown, 82 id. 196.

After a careful reading of the opinion in Frazer v. Hadley, *supra,* I am convinced that it was the fair meaning and intent of the court to hold the entire section of no force and effect, although it does not so state in so many words.

Therefore, it follows logically, as a conclusion of law, that section 159 of the old law takes the place of the new section 159, Laws of 1911, chap. 649.

Section 159 of the new law above referred to being unconstitutional, void, and of no force and effect in each and every part thereof, the statute controlling boards of registration in the proper discharge of their duties, as well as the duties which they performed as inspectors of election, is section 159 of the old law, which remains the same as it did prior to the enactment of the new section 159. People v. Dooley, 171 N. Y. 74; People ex rel. Farrington v. Menching, 197 id. 9.

The old section 159 reads as follows:

"Registration elsewhere — [Meaning other than in cities and villages having five thousand inhabitants or more] At the first meeting for registration in any election district where

only two meetings for the registration of voters are held for any general election, as provided in section 150 of this article, the inspectors shall place upon the register the names of all persons who voted at the last preceding general election, as shown by the register or poll book of such election, except the names of such voters as are proven to the satisfaction of such inspectors to have ceased to be voters in such district since such general election, and also at said first meeting and at the second meeting, they shall place on the register the names of all persons known or proven to the satisfaction of the inspectors, to be then or thereafter entitled to vote at the election for which such registration is made."

The old section 159 must be construed as not only permitting but requiring the inspectors of election, except in cities and villages having 5,000 inhabitants or more, to register all voters known to them to be qualified as electors in their respective districts, without the voters appearing in person, or by proxy. It follows that it was the duty of the petitioners, as the board of inspectors of the third election district in the said town of Otsego, to register, as duly qualified electors in said district, all of the individuals whose names appeared in schedule A on the 14th day of October, 1911. It also follows that every person in any election district in this county outside of the city of Oneonta, the same being a city having 5,000 inhabitants or more, who was duly qualified as an elector in such election district and entitled to have his name placed upon the register of electors, whose name was, as a matter of fact, placed upon the register, in his election district by any such board of inspectors on the 14th day of October, 1911, is thereby duly registered and duly qualified to vote as an elector at the ensuing election to be held on the seventh day of November next. See opinion, Wheeler, J., in Matter Daniels v. Inspectors 2d District, Town of Elma, Erie County.

Let an order, therefore, be granted herein, directing the petitioners as a board of registration for the third election district in the town of Otsego, in the county of Otsego, N. Y., to convene as such board, on the second Saturday before the

election to be held on the seventh day of November next, and to add, at such time, to such register of electors, the names of all persons appearing in schedule A attached to said petition.

So ordered.